# CHARLESTOWN.

WELTON *v.* HUTTON, ET AL.

September 9, 1876.

1876.
August Term.

Where the plaintiff has shown a right of relief against parties before the Court, but has stated his case so vaguely as not to justify a decree in his favor, or has omitted to make other necessary parties, the bill ought not to be dismissed, but he should be permitted to amend his bill, making its allegations more distinct, and making the necessary parties. And in such case the Appellate, Court will reverse any decree entered in favor of the plaintiff, and will send the case back with directions that the plaintiff have leave to amend his bill.

Appeal from, and *supersedeas* to, a decree of the circuit court of Grant county, rendered on the twentieth day of March, 1872, in a cause therein pending, wherein John W. Welton was plaintiff, and Jesse Hutton and W. H. Hutton were defendants.

Appeal granted on petition of the appellants, who were defendants below.

The facts of the case are fully set forth in the opinion of this Court.

Hon. J. W. F. Allen, Judge of said circuit court, presided at the hearing below.

*Robert White* for appellants.

*Andrew Hunter* for appellee.

GREEN, JUDGE:

The bill in this cause was filed by John W. Welton,

at the September rules, 1874, in the circuit court of Grant, to subject the life estate of one of the defendants, Jesse Hutton, in certain real estate, on Luney's creek, in Grant county, to the satisfaction of a judgment lien of the plaintiff against him and for general relief.

The bill alleges that the plaintiff obtained a judgment against the defendant, Jesse Hutton, for $138.83, with interest thereon from April 9, 1861 until paid, and his costs, which judgment was docketed on the judgment lien docket of Grant county, on October 16, 1869, as would fully appear by copy filed with the bill as part thereof. The copy filed, however, is the copy of the docketing of this judgment, by the clerk of the circuit court of Grant. The bill further states, the collection of the plaintiff's said judgment, by Jesse Hutton, was enjoined; that this injunction was dissolved, in September, 1871; that the debt, interest, damages and costs, including his costs in the injunction cause, amounted to near $400, no part of which has ever been paid; that in April, 1873, an execution issued therefor, and was returned, no property found, as appears by copy of the execution filed with the bill; that Isaac W. Hutton was the security in the injunction bond. The bill further states, that when said judgment and decree were obtained, Jesse Hutton had a life estate in valuable real property in Grant county, devised to him by Peter Hutton, lying on Luney's creek. A copy of Peter Hutton's will is filed with the bill. It appears thereby, that he devised to his son Jesse, during his natural life, all the lands owned by him, lying on Luney's creek, in Grant county (except as in the will thereafter excepted); and, also, devised to him, during his natural life, all his lands lying in the upper end of Hardy, and the lower end of Pendleton county. The excepted part of Luney's creek land was fifty-four acres, which, by another clause, in the will was devised to his daughter, Mary A. Welton, wife of Abel Welton, which was to be laid off in such manner as Job Welton might think best.

1876.
August Term.

Welton
v.
Hutton.

The bill further alleges, that Jesse Hutton, shortly after the judgment against him was rendered, made a voluntary and pretended assignment of said land to his son, William H. Hutton, who then had full knowledge of this judgment lien. A copy of this assignment was filed with the bill. It is an agreement fully certified, as recorded in Grant county, on June 1, 1867, whereby, in consideration of the payment of $1,250, Jesse Hutton agreed to sell and convey to William H. Hutton, his life estate in all lands held by him in Grant county, as devised to him by Peter Hutton, and William H. Hutton thereby bound himself to pay therefor $1,250.

The bill prays, that the plaintiff's said lien, including the costs and damages aforesaid, be enforced ; that the estate of Jesse Hutton may be sold to pay the same and for general relief. Jesse Hutton, William H. Hutton and Isaac N. Hutton, were made defendants by having process served upon them.

Jesse Hutton and William H. Hutton filed a joint and several answer. They admit therein the judgment against Jesse Hutton, and the obtaining and dissolution of the injunction. They therein deny, that said judgment or the decree rendered on the dissolution of the injunction ever became a lien upon the land named in the bill, or that said judgment and decree are now a lien upon the same. They say that Jesse Hutton, not believing that they were liens on his lands, had his interest in his lands in Grant county, named in the bill, valued, and on May 26, 1867, sold the same to his son, William H. Hutton, for $1,250 cash, which he that day paid to him, as appeared by his receipt filed. This receipt is dated May 26, but was stamped May 29, 1867. They deny all fraud, and William H. Hutton denies, that he had, when he bought said land, any knowledge of the existence of the judgment. Jesse Hutton alleges, that he filed his petition in bankruptcy December 4, 1867, and on July 30, 1869, he got his discharge ; that

the plaintiff's debt was included in the schedule, and and that it was thereby discharged; he does not file any evidence to these allegations.

They also rely on the statute of limitations, as more than five years had elapsed from the making and recordation of the agreement, to the institution of this suit.

On March 20, 1875, the cause was heard as the decree recites, on the bill and exhibits, process duly executed and joint answers of the defendants, and the court decreed, that unless the defendants or some one for them, shall pay off the judgment lien, sought to be enforced in the bill, amounting to $255, together with the costs of this suit, including an attorney's fee of $25, within thirty days, a special commissioner should sell, at public auction, the interests of Jesse Hutton in all the lands in Grant county, which were devised to him for life, by his father, Peter Hutton, on the terms of one-half cash, and the balance in two installments, payable in six and twelve months from day of sale, deferred payments to bear interest from day of sale. From this decree Jesse Hutton and William H. Hutton, appealed.

The will of Peter Hutton, filed with the bill, shows that Jesse Hutton had devised to him, not only a life estate in the land on Luney's creek, in Grant county, sought to be charged, but also a life estate in certain lands in Pendleton, and in Hardy counties. The bill does not state whether Jesse Hutton still owned these last named lands, or whether he had sold them, and if so, to whom or when, if he still owned them they were first liable to pay the plaintiff's judgment lien, before the lands in Grant county, which had been sold or agreed to be conveyed to William H. Hutton; and if he had sold the lands in Pendleton and Hardy counties, after the sale to William H. Hutton, these lands would be first liable to this judgment lien. Code of Va., 1860, ch. 186, section 10, p. 771, Code of W. Va. of 1868, ch. 139, section 9, page 666.

If these lands had been so sold, the purchasers of them must be made parties to this suit, before any decree could properly be rendered.

Again the will of Peter Hutton shows, that Job W. Hutton was to lay off, to Mary A. Hutton, wife of Abel Hutton, 54 acres of this Luney's creek land, in Grant county, and that the residue thereof only was devised to Jesse Hutton for life ; but the bill does not state whether this 54 acres of land has ever been laid off, and if so, how it has been laid off; if this has never been done, Mary A. Hutton, and her husband, are necessary parties to this suit, as her 54 acres must be laid off, before any decree could properly be rendered for the sale of the residue.

The bill, therefore, fails to state the necessary facts to justify the Court in rendering any decree in this cause ; but still, as on its face, it shews that the plaintiff has just cause for asking the aid of court of equity, the bill ought not to have been dismissed. The court should have directed the plaintiff to amend his bill, with leave to make additional parties, and if he failed so to do, in some reasonable time fixed by the court, the bill ought to have been dismissed. *Baker v. Baker*, &c., 3 Munf., 222 ; *Jameson's Admx. v. Deshields*, 3 Gratt. 13.

As before any decree in favor of the plaintiff can be rendered, the bill must be amended, it is unnecessary to decide whether the statement made in the bill is equivalent to an allegation by the plaintiff, that his judgment was docketed in the recorder's office, as required by law, or to an allegation, that it was docketed in the office of the circuit court,as the exhibit, made part of the bill,would seem to shew. For the same reason, it is unnecessary to decide whether the allegations in the answer amount to a denial, that the judgment was docketed in the proper office, or whether the object of the bill, as the circuit court seems to have thought, was simply to subject the Grant

county land to the lien of the original judgment, or also to the lien of the decree, in the injunction.

If, when the bill has been amended, and the cause is ready for hearing thereon, it should appear that any of the lands in Grant, Hardy, or Pendleton, counties, which had been, or are, owned by Jesse Hutton for life, should be subjected to these liens, or either of them, the court should first ascertain whether the rents and profits of such lands would pay off the plaintiff's liens in a reasonable time; if so, these liens should be paid out of such rents, profits, and, if not, by a sale of the lands, in the order of their liabilities. If a sale is necessary, the terms of sale should be reasonable, a less portion of the purchase money should be required to be paid in cash, and longer times of credit for the balance, than are prescribed by the decree complained of, should be allowed.

The decree of the circuit court must be reversed; the appellant must recover from the appellee his costs expended in this Court, and the cause must be remanded to the circuit court of Grant, to be there proceeded with upon the principles laid down in this opinion.

The other Judges concurred.

DECREE REVERSED, AND CAUSE REMANDED.